COMMONWEALTH of Kentucky, CAB-
INET FOR HEALTH AND FAMI-
LY SERVICES, Appellant,

v.

C.V.; T.B.; and D.B., a
Child, Appellees.

No. 2005–CA–000923–ME.

Court of Appeals of Kentucky.

April 7, 2006.

Case Ordered Published by
Court of Appeals May 19, 2006.

Teresa Powell, Shelbyville, KY, for Appellant.

James F. Dinwiddie, Leitchfield, KY, for Appellee C.V.

Alton L. Cannon, Leitchfield, KY, for Appellee T.B.

Before BUCKINGHAM, DYCHE, and GUIDUGLI, Judges.

## OPINION

DYCHE, Judge.

The Cabinet for Health and Family Services appeals from an order of the Grayson Circuit Court dismissing its petition to terminate the parental rights of appellees C.V. and T.B. in and to a child born to them on July 24, 1997. Kentucky Revised Statutes (KRS) 625.090. Because we find that the Cabinet failed to prove the statutory requirements by clear and convincing evidence, we affirm.

The parents have engaged in a drug-related lifestyle, with the consequences that result therefrom (including incarceration), and the child was found to be dependent by the Grayson District Court on February 5, 2003. He was committed to the Cabinet on the same date, and placed with the paternal grandmother. The child continued to accumulate unexcused absences from school, and one year later he was placed in foster care. The permanency plan (KRS 610.125) for the child indicated parental reunification was the goal, but at the hearing on the plan,

the district court found that the Cabinet had not provided services consistent with the case plan. Six months later, the petition in this action was filed.

The court conducted a hearing, and the parties filed briefs in support of their respective positions. The trial court entered findings of fact, conclusions of law, and an order dismissing the petition. This appeal followed.

■ On appeal, the Cabinet raises one issue only: that the trial court erred in finding that the Cabinet was required to amend its permanency goal in the district court from reasonable efforts/reunification to termination/adoption prior to the filing of a petition to terminate the parents' rights. We agree with the Cabinet that there is no such requirement in the termination of parental rights statute. Under KRS 625.090(3)(c), the court can make its own concurrent finding as to reasonable efforts, so while it would be better for the Cabinet to be consistent in its planning and proceedings, such a finding by the district court is not a necessary precedent to a termination petition.

More important, however, is the fact that nowhere did the circuit court make any finding or conclusion that would support termination of parental rights. The court's conclusions of law were couched in conditional language:

> [I]f she [the mother] tests positive in the future for use of any illegal controlled substances, the cabinet would have the final straw necessary to merit termination of her parental rights.

> . . . .

> If he [the father] fails to complete his reunification plan by maintaining a drug free lifestyle and to complete domestic violence and anger management plans, his failure to fulfill his part of the reuni-

fication plan would also merit termination of his rights.

> . . . .

> If within a reasonable time, (1) the reasonable goals for reunification are not met by either C.V. or T.B. and/or (2) the case permanency plan is changed by the Grayson District Court and/or (3) an exception under KRS 610.127 can be proven whereby the case permanency plan need not be modified, then CHFS may refile its Petition to Terminate Parental Rights.

> . . . .

> If they persist in failing to meet their required obligations and reunification plan, the court **will** terminate the natural parents' rights when the prerequisite procedures in district court are followed and the grounds under KRS 625.090 for termination of parental rights are proven by clear and convincing evidence.

(Emphasis in original.)

While we might agree with the Cabinet as to the non-necessity of a change in the permanency plan in district court as a prerequisite to filing a termination action, the trial court nevertheless did not make the findings necessary to support termination. The parents have one more chance. Let us hope that they take the chance, for the child's sake.

We commend the Guardians *ad Litem* for their diligence in representing, at nominal compensation, the parents involved herein.

The judgment of the Grayson Circuit Court is affirmed.

BUCKINGHAM, Judge, Concurs.

GUIDUGLI, Judge, Concurs in Result Only and Files Separate Opinion.

GUIDUGLI, Judge, Concurring in Result Only.

I concur in result only and restate the position I stated in *C.M.C. v. A.L.W.*, 180 S.W.3d 485, 494 (Ky.App.2005), as follows:

I believe the appeal should be dismissed based upon KRS 625.110. KRS 625.110 clearly states that the denial of an involuntary termination of parental rights cannot be appealed. If parental rights are not terminated, then an adoption cannot proceed. In this case, the family court refused to terminate P.L.S.'s parental rights and that simply is the end of the matter. I concur in result only because by affirming the family court's order, the result is the same as if the appeal had been dismissed based upon KRS 625.110.